IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTONIO HOLMES,** | : CIVIL ACTION NO. 1:22-CV-923 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN J. SAGE,** | : |
| Respondent | : |

## MEMORANDUM

Petitioner Antonio Holmes ("Holmes"), an inmate currently incarcerated at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania ("FCI-Schuylkill"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Holmes seeks an order directing the Bureau of Prisons ("BOP") to award him 120 days of earned time credits ("ETC") pursuant to the First Step Act ("FSA"). (Id.; Doc. 2 at 2-3, 5). For the reasons set forth below, the court will dismiss the habeas petition.

**I.    Factual Background**

Holmes is serving a twenty-four (24) month term of imprisonment imposed by the United States District Court for the District of Maryland for possession with intent to distribute a controlled substance and being a felon in possession of a firearm. (Doc. 7-1 at 5-13). Holmes's projected release date is December 19, 2022, via good conduct time release. (Id.) The BOP has currently assessed Holmes as having a medium risk of recidivism. (Id. at 15).

The Administrative Remedy Generalized Retrieval reveals that Holmes has not filed any administrative remedies while in BOP custody.  (Id. at 14).

In his § 2241 petition, Holmes asserts that he is entitled to the application of 120 days of earned time credits.  (Doc. 2 at 2-3, 5).  Respondent contends that Holmes's § 2241 petition must be dismissed because: (1) Holmes failed to exhaust his administrative remedies; and (2) Holmes is not eligible for earned time credits at this time.  (Doc. 7).  We address each argument in turn.

**II.     Discussion**

    **A.     Exhaustion of Administrative Review**

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy."  Moscato, 98 F.3d at 761-62 (citations omitted).  The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.  See generally 28 C.F.R. §§ 542.10-.19.  That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General

Counsel. See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Holmes concedes that he did not exhaust administrative remedies with regard to his FSA earned time credits. (See Doc. 1 at 2-3). He has not set forth any argument that he should be excused from exhausting administrative remedies. While the court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction," Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020), the instant case involves a dispute regarding Holmes's eligibility for earned time credits. This issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. Holmes's claim is the type of FSA earned-time-credit dispute that must first be presented to BOP officials. Because Holmes did not exhaust his administrative remedies, and no exception applies, his § 2241 petition must be dismissed. See Moscato, 98 F.3d at 762. However, assuming *arguendo* that

exhaustion could be excused, Holmes's claim is without merit. Erring on the side of caution, we will alternatively address the merits of the habeas petition.

**B.     Merits of the Habeas Petition**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. § 3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. § 3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism

4

who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation.  See id.  However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA.  See id. § 3632(d)(4)(B)(i).  The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs.  See id. § 3632(a).  The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs.  See Kurti, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3621(h)).  Moreover, the FSA provides that EBRRs and PAs are to be phased in over a period of two (2) years, from January 15, 2020 to January 15, 2022.  See 18 U.S.C. § 3621(h)(2).

Respondent submitted the Declaration of Jennifer Knepper, BOP Attorney Advisor, wherein she explains that inmates who are eligible for FSA time credits can accrue credits, but the credits cannot be applied until the inmate has earned a low or minimum recidivism risk.  (Doc. 7-1 at 4 ¶ 7) (citing 28 C.F.R. §§ 523.42 and 523.44).  The BOP has assessed Holmes as currently having a medium risk of recidivism.  (Doc. 7-1 at 4 ¶ 6; Doc. 7-1 at 15).  Thus, even if Holmes completes EBRR programs and PAs that correspond with an identified need, the BOP may not apply credits for successfully completed programs until Holmes has received a low or

minimum risk PATTERN[1] score for two (2) consecutive assessments.  See 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii); 28 C.F.R. § 523.44.  Because Holmes does not have a low or minimum risk PATTERN score for two (2) consecutive assessments, the BOP may not apply credits for successfully completed programs.  See id.  Thus, we cannot grant Holmes the relief he seeks.

### III.   Conclusion

We will dismiss Holmes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: July 15, 2022

---

[1] The Bureau of Prison's recidivism assessment tool, Prison Assessment Tool Targeting Estimated Risk Needs ("PATTERN").